## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| YIENG HIM | CIVIL DIVISION |
| Plaintiff, | Civil Action No. 22-246 |
| THE UNIVERSITY OF PENNSYLVANIA | **COMPLAINT** |
| Defendant. | **JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff, Yieng Him, by and through his undersigned counsel, The Lacy Employment Law Firm LLC, hereby files this Complaint against Defendant and states as follows:

### PROCEDURAL AND ADMINISTRATIVE REMEDIES

1. All the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference as if set forth herein at length.

2. Venue is proper in the District Court under 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred within this District.

3. On or about January 25, 2021, Plaintiff filed a charge with the Pennsylvania Human Relations Commission ("PHRC") alleging race-based discrimination. *See* PHRC Charge of Discrimination, attached as Exhibit 1.

4. On or about June 9, 2021, Plaintiff filed a charge with the Philadelphia office of the Equal Employment Opportunity Commission ("EEOC") *See* EEOC Charge of Discrimination. *Id.*

5.  The EEOC issued a Right to Sue letter ("Right to Sue") and Plaintiff timely filed the above-captioned action on or before 90 days from receipt of the Right to Sue that the EEOC issued.  *See* Exhibit 3.

6.  Plaintiff has fully complied with all administrative prerequisites for the commencement of this action.

## PARTIES

7.  Mr. Him is a 51-year-old Asian American man who resides at 332 Morris Ave., Crum Lynne, PA 19022.

8.  The University of Pennsylvania is an institution of higher education, and upon information and belief, has its principal place of business in Philadelphia.

## FACTUAL BACKGROUND

9.  Mr. Him was an exemplary employee at University of Pennsylvania for twenty years.

10. Over the last two years of his employment, a new supervisor, Daniel Thomas began discriminating against Mr. Him for no reason other than ethnicity.

11. The discriminatory actions started off small. For example, on or about August 17, 2018, Mr. Him was blamed by Mr. Thomas and other staff members for not cleaning up food that was left in a conference room, even though Mr. Him was not at that location during that time.

12. During the month of November 2018, Mr. Him reported an employee to Daniel Thomas for failing to perform their duty of distributing fliers to other student workers. Mr. Thomas not only completely disregarded Mr. Him's concerns, but also made condescending remarks including that Mr. Him distribute the fliers himself.

13. On or about March 6, 2019, Mr. Him was called into Mr. Thomas' office and told that he was being transferred to a less desirable location, and that his duties would be taken over by another employee, Jared Wood.

14. Mr. Wood, a white man, believed to be in his 30s, was not qualified for the position, having no experience in Active Directory, Windows server, Group Policy Object (GPO) and enterprise network.

15. Transfer to another workspace prevented Mr. Him from performing his normal duties of hosting staff meetings and collaborating with Senior Information Technology (IT) personnel on projects.

16. In or around 2019, Mr. Thomas targetted Mr. Him by demonstrating to Mr. Him's subordinates that he had no power to manage his own team.  He also further embarrassed Mr. Him by giving his office cube to Jared, a white male, who was Mr. Him's subordinate.  This was a continuous effort to show that Mr. Him had no authority position with the IT department.

17. On March 6, 2019, Mr. Him complained about the discrimination to Mr. Thomas' supervisor, Marty Redman).

18. On March 7, 2019, a visibly angry Mr. Thomas asked Mr. Him to lunch, during which Mr. Him stated, "I haven't worked with Chinks like you before". Mr. Him was completely shocked at his language and was utterly disrespected, offended, uncomfortable, belittled, and plainly speechless. He tried to avoid Mr. Thomas after this interaction as much as possible.

19. On or about June 20, 2020, Mr. Wood was terminated and Mr. him was reassigned to his previous duties. He became responsible for the Student Training Project and NSO, which suffered from neglect prior to Mr. Him's reassignment.

20. Despite Mr. Thomas telling other staff members during a group meeting that the Student Training Project and NSO were successful, he wrote up Mr. Him for poor performance on the project.

21. Although Mr. Him had not changed his process for implementing the NSO project in years, there were complaints at an employee meeting about this same process, on or about September 19, 2020.

22. Mr. Thomas prevented Mr. Him from collaborating with fellow employees on the project and refused to let him speak with the Senior Administrative Staff.

23. Mr. Thomas continued to systematically make it difficult for Mr. Him to perform his duties and humiliated him through reprimands for inconsequential things for which he was not at fault.

24. Between July and September 2020, several co-workers approached Mr. Him stating that they believed that Mr. Thomas was prejudiced against him.

25. Mr. Him was the oldest and highest-paid employee in the UPenn IT department (UPenn College Houses and Academic Services).

26. Younger employees were given preferential treatment and better assignments within the department.

27. Upon information and belief, a younger employee replaced Mr. Him after his termination.

28. Further conversations with other employees revealed the disparate race, and age-based treatment by Mr. Thomas against Mr. Him.

29. Mr. Him filed a complaint with the PHRC on February 3, 2021.

30. On March 31, 2021, UPenn terminated Mr. Him's employment.

31. Defendant terminated Mr. Him, in part, because he participated in protected activity by filing a complaint with the PHRC. Defendant retaliated against Mr. Him for internally and externally complaining about discrimination.

### COUNT I
### Section 1981
*Race Discrimination, Hostile Work Environment, and Retaliation*

32. Plaintiff re-alleges the allegations set for in paragraphs 1-27 above and incorporates the same herein by reference.

33. Defendant's discriminatory and retaliatory actions, as set forth herein, deprived Plaintiff of the rights guaranteed under 42 U.S.C. § 1981; as such, its remedies are implicated.

34. Plaintiff had the right to make and enforce contracts, to sue, and to receive the full and equal benefit of all laws.

35. Plaintiff was an at-will employee, which implicates his right to make and enforce contracts.

36. Defendant abridged Plaintiff's right to make and enforce contracts by its discriminatory conduct toward Plaintiff.

37. As a result of Defendant's actions, Defendant has denied Plaintiff the right to the same terms, conditions, privileges and benefits of their employment with Defendant.

38. Defendant, by and through its supervisors, intentionally discriminated against Plaintiff on the basis of race.

39. Plaintiff was a member of protected classes and was qualified for the position that Plaintiff held.

40. Defendant's actions altered Plaintiff's work environment.

41. The discrimination that Plaintiff faced detrimentally affected Plaintiff. And this discrimination would detrimentally affect a reasonable person in like circumstances.

42. This severe and pervasive environment continued throughout Plaintiff's employment.

43. Defendant is liable for their supervisors under respondeat superior.

44. Plaintiff participated in protected conduct. Defendant retaliated against Plaintiff because of his participation in protected activities. There is a causal connection between Plaintiff's participation in protected activities and the adverse employment action from which Plaintiff suffered.

45. As a direct and proximate result of Defendant's acts and conduct, Plaintiff has suffered and will suffer those injuries, damages, and losses alleged herein and has incurred and will incur attorneys' fees.

46. The wrongful acts and conduct of Defendant was done with deliberate indifference to the statutory and constitutional rights of Plaintiff.

47. Plaintiff suffered adverse employment consequences, specifically, Defendant retaliated against Plaintiff.

48. Plaintiff was terminated as a result of Defendant's discriminatory conduct.

49. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory and retaliatory acts unless and until the Court grants the relief requested.

**COUNT II**
**Violations of Title VII of the Civil Rights Act of 1964 ("Title VII")**
**(Race Discrimination; Retaliation; Hostile Work Environment)**

50. Plaintiff hereby incorporates all allegations contained in the above-mentioned paragraphs as fully as if they were set forth at length.

51. Defendant's discriminatory and retaliatory actions, as set forth herein, deprived Plaintiff of the rights guaranteed under Title VII.

52. Defendant is a covered employer under Title VII and employs more than 15 employees.

53. As a result of Defendant's actions, Defendant has denied Plaintiff the right to the same terms, conditions, privileges and benefits of Plaintiff's employment with Defendant.

54. Defendant, by and through its supervisors, intentionally discriminated against Plaintiff on the basis of race.

55. Plaintiff was a member of a protected class and was qualified for the position that Plaintiff held.

56. Defendant's actions altered Plaintiff's work environment.

57. The discrimination that Plaintiff faced detrimentally affected Plaintiff. And this discrimination would detrimentally affect a reasonable person in like circumstances.

58. This severe and pervasive environment continued throughout Plaintiff's employment.

59. Defendant is liable for their supervisors under respondeat superior.

60. Plaintiff participated in protected conduct. Defendant retaliated against Plaintiff because of his participation in protected activities. There is a causal connection between Plaintiff's participation in protected activities and the adverse employment action from which Plaintiff suffered.

61. As a direct and proximate result of Defendant's acts and conduct, Plaintiff has suffered and will suffer those injuries, damages, and losses alleged herein and has incurred and will incur attorneys' fees.

62. The wrongful acts and conduct of Defendant were done with deliberate indifference to the statutory and constitutional rights of Plaintiff.

63. Plaintiff suffered adverse employment consequences, specifically, Defendant retaliated against Plaintiff.

64. Plaintiff was terminated as a result of Defendant's discriminatory conduct.

65. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory and retaliatory acts unless and until the Court grants the relief requested.

## COUNT III
### Age Discrimination in Employment Act, 29. U.S.C. § 621, et seq. ("ADEA")
### (Discrimination and Retaliation)

66. Plaintiff incorporates by reference the foregoing paragraphs as if set forth herein in their entirety.

67. Based on the foregoing, Defendant engaged in unlawful employment practices in violation of the ADEA.

68. Plaintiff is and was at the time of his termination, over forty years of age, and an individual within the class protected by the ADEA.

69. In discriminating against and harassing Plaintiff because of Plaintiff's age, Defendant violated the ADEA.

70. Plaintiff was, upon information and belief, replaced with a younger employee.

71. Defendant's violations were intentional and willful.

72. Liquidated damages are warranted given Defendant's willful violation of the ADEA.

73. As a direct and proximate result of Defendant's unlawful employment practices, Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory and retaliatory acts unless and until the Court grants the relief requested.

**COUNT IV[1]**
**PHRA**
**Race and Age Discrimination, Hostile Work Environment, and Retaliation**

74. Plaintiff hereby incorporates all allegations contained in the above-mentioned paragraphs as fully as if they were set forth at length.

75. Defendant's discriminatory and retaliatory actions, as set forth herein, deprived Plaintiff of the rights guaranteed under the PHRA.

76. As a result of Defendant's actions, Defendant has denied Plaintiff the right to the same terms, conditions, privileges and benefits of Plaintiff's employment with Defendant.

77. Defendant, by and through its supervisors, intentionally discriminated against Plaintiff on the basis of race.

78. Plaintiff was a member of a protected class and was qualified for the position that Plaintiff held.

79. Defendant's actions altered Plaintiff's work environment.

80. The discrimination that Plaintiff faced detrimentally affected Plaintiff. And this discrimination would detrimentally affect a reasonable person in like circumstances.

---

[1] Claims under the PHRA are brought for notice reason only. Plaintiff has to wait a year for the PHRC to issue a right to sue so that Plaintiff can amend his Complaint to add these claims. Plaintiff will move to amend after he receives his right to sue letter from the PHRC.

81. This severe and pervasive environment continued throughout Plaintiff's employment.

82. Defendant is liable for their supervisors under respondeat superior.

83. Plaintiff participated in protected conduct. Defendant retaliated against Plaintiff because of his participation in protected activities. There is a causal connection between Plaintiff's participation in protected activities and the adverse employment action from which Plaintiff suffered.

84. As a direct and proximate result of Defendant's acts and conduct, Plaintiff has suffered and will suffer those injuries, damages, and losses alleged herein and has incurred and will incur attorneys' fees.

85. The wrongful acts and conduct of Defendant were done with deliberate indifference to the statutory and constitutional rights of Plaintiff.

86. Plaintiff suffered adverse employment consequences, specifically, Defendant retaliated against Plaintiff.

87. Plaintiff was terminated as a result of Defendant's discriminatory conduct.

88. Plaintiff is and was at the time of his termination, over forty years of age, and an individual within the class protected by the PHRA.

89. In discriminating against and harassing Plaintiff because of Plaintiff's age, Defendant violated the PHRA.

90. Plaintiff was, upon information and belief, replaced with a younger employee.

91. Defendant's violations were intentional and willful.

92. Liquidated damages are warranted given Defendant's willful violation of the PHRA.

93.  Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory and retaliatory acts unless and until the Court grants the relief requested.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff seeks damages and legal and equitable relief in connection with Defendant's improper conduct, and specifically prays that the Court grant the following relief to Plaintiff by:

a) Declaring the acts and practices complained of herein to be in violation of Section 1981;

b) Enjoining and permanently retaining the violations alleged herein;

c) Entering judgment against the Defendant and in favor of the Plaintiff in an amount to be determined;

d) Awarding compensatory damages to make Plaintiff whole for all lost earnings, earning capacity and benefits, past and future, which Plaintiff has suffered or may suffer as a result of Defendant's improper conduct;

e) Awarding compensatory damages to Plaintiff for past and future pain and suffering, emotional upset, mental anguish, humiliation, and loss of life's pleasure, which Plaintiff has suffered or may suffer as a result of Defendant's improper conduct;

f) Awarding punitive damages to Plaintiff;

g) Awarding Plaintiff such other damages as are appropriate under Title VII, Section 1981, the PHRA, and the ADEA;

h) Awarding Plaintiff the costs of suit, expert fees and other disbursements, and reasonable attorney's fees; and,

i) Granting such other and further relief as this Court may deem just, proper, or equitable including other equitable and injunctive relief providing restitution for past violations and preventing future violations.

**Plaintiff demands a jury trial on all triable issues in the above-captioned matter.**

Respectfully submitted

Dated: January 20, 2022

*/s/ Andrew Lacy, Jr.*
 Andrew Lacy, Jr. Esq.
**THE LACY EMPLOYMENT LAW FIRM LLC**
2514 W Seybert Street
Philadelphia, PA
(t) 412-301-3908
andrew.lacy@employment-labor-law.com

*Counsel for Plaintiff*

Case 2:22-cv-00246-PBT   Document 1   Filed 01/20/22   Page 13 of 13